**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**


**KEVIN MILLS**                                            **CIVIL ACTION**


**VERSUS**                                                 **NO: 13–701**


**SOCIAL SECURITY ADMINISTRATION**            **SECTION "H"(2)**


## ORDER AND REASONS

Before the Court is a Report and Recommendations (R. Doc. 13) issued by the Magistrate

Judge assigned to this case.  For the following reasons, the Report and Recommendations is

REJECTED, and this case is REMANDED to the Social Security Administration for further

proceedings.


## BACKGROUND

Plaintiff Kevin Mills seeks judicial review of a final decision by the Commissioner of the

Social Security Administration (the "Commissioner") denying his application for disability insurance

benefits.  The complaint was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B).  The Magistrate Judge issued a Report and Recommendations, and Plaintiff filed an objection.  Plaintiff contends both the Magistrate Judge and the Commissioner committed legal error that requires remand.

## LEGAL STANDARD

28 U.S.C. § 636(b)(1)(B) permits the district court to refer dispositive matters to a magistrate judge, who then issues a report and recommendations.  28 U.S.C. § 636(b)(1)(C).  The district court reviews *de novo* those portions of the report and recommendations to which objection is made.  28 U.S.C. § 636(b)(1).  The court reviews all other portions for clear error.  *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

## LAW AND ANALYSIS

The Court's function on judicial review is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standard to evaluate the evidence.  *Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007).  A claimant is not entitled to disability benefits unless the Commissioner makes the following five findings: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social

security regulations; (4) the impairment prevents the claimant from performing past relevant work; and (5) the impairment prevents the claimant from doing any other work.  *Masterson v. Barnhart*, 309 F.3d 267, 271 (5th Cir. 2002).  The claimant bears the burden of proof on the first four findings; the Commissioner bears the burden of proof on the fifth.  *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000).

In this matter, only the fifth finding is disputed.[1]   When determining whether an impairment forecloses future employment opportunities, the Commissioner considers the claimant's age, education, work experience, and residual functional capacity.  *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987).  To guide this determination, the Commissioner promulgated the medical-vocational guidelines (the "Guidelines").  *Tanksley v. Colvin*, No. 3:12–CV–02050–BH, 2013 WL 5350912, at *7 (N.D. Tex. Sept. 24, 2013).  If the claimant's impairments are solely exertional or his non-exertional impairments do not significantly affect his residual functional capacity, the Commissioner may rely exclusively on the Guidelines.  *Watson v. Barnhart*, 288 F.3d 212, 216 (5th Cir. 2002).  In all other cases, the Commissioner must rely on the testimony of a vocational expert ("VE") or similar evidence.  *Fraga*, 810 F.2d at 1304.

The Commissioner in this case relied heavily on a VE, who testified that Plaintiff acquired skills from previous employment transferable to the following occupations: telephone solicitation,

---

[1] Plaintiff initially sought judicial review of multiple findings by the Commissioner but has only objected to one discreet portion of the Magistrate Judge's Report and Recommendations.

cashiering, payroll clerk, and order clerk.  The VE did not, however, specifically identify the skills acquired, nor did the Commissioner in his final decision.  Plaintiff argues this omission constitutes legal error.

Social Security Ruling 82-41 ("SSR 82-41") explains that transferability of skills "is an issue only when an individual's impairment(s), though severe, does not meet or equal the criteria in the Listing of Impairments in Appendix 1 of the regulations but does prevent the performance of past relevant work (PRW), and that work has been determined to be skilled or semiskilled."  1982 WL 31389, at *1 (1982).  When transferability is an issue, the Commissioner "is required to make certain findings of fact and include them in the written decision."  *Id.* at *7.  Specifically, "[w]hen a finding is made that a claimant has transferable skills, *the acquired work skills must be identified*, and specific occupations to which the acquired work skills are transferable must be cited."  *Id.* (emphasis added).

The issue presented is whether the Commissioner commits legal error by finding that a claimant has transferable skills without specifically enumerating those skills.  It is well established that "Social Security Rulings . . . are binding on all components of the Social Security Administration."  20 C.F.R. § 402.35; *Spellman v. Shalala*, 1 F.3d 357, 360 n.7 (5th Cir. 1993).  It is equally well established, however, that Social Security Rulings are not binding on federal courts. *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001).  These conflicting lines of authority create a conundrum for district courts—one which the Fifth Circuit has not addressed. *See Henson v. Colvin*,

4

No. 12–3053, 2014 WL 1154275, at *7 (E.D. La. Mar. 14, 2014) (recognizing lack of authority).  One of the primary functions of the district court on judicial review is to ensure the Commissioner applied the correct legal standard.  *See Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). Where, as here, the Commissioner fails to follow a binding Social Security ruling, it seems the reviewing court is required to find legal error.  On the other hand, since federal courts are not required to follow social security rulings, one could argue the reviewing court is free to ignore SSR 82-41.  This Court finds the former line of reasoning more persuasive, especially in light of the Fifth Circuit's frequent reliance on Social Security rulings when evaluating the Commissioner's decisions. *See Myers*, 238 F.3d at 620 (5th Cir. 2001) (collecting cases).  Furthermore, the vast majority of courts in the Fifth Circuit have held that the Commissioner commits legal error when he finds transferability but fails to specifically identify the skills transferable.  *See, e.g.*, *Henson*, 2014 WL 1154275, at *7; *Tanksley*, 2013 WL 5350912, at *8; *S.W.O v. U.S. Comm'r Soc. Sec. Admin.*, No. 11–cv–67, 2012 WL 967775, at *4 (W.D. La. Mar. 2, 2012); *Rivera v. Astrue*, No. 6:08–CV–075–C ECF, 2010 WL 711717, at *5–6 (N.D. Tex. Mar. 2, 2010); *Jeansonne v. Astrue*, No. CV07–13–29–A, 2008 WL 2073996, at *12 (W.D. La. Apr. 25, 2008).

Although the Commissioner committed legal error, remand is not warranted if the error was harmless.  *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988) (per curiam).  Because "[p]rocedural perfection in administrative proceedings is not required[,]" the Court will not reverse a final decision of the Commissioner unless the claimant's "substantial rights" have been affected. *Mays*

5

*v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988). A party's substantial rights have been affected when the procedural improprieties "cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris*, 864 F.2d at 335. Modified to fit the contours of this case, Plaintiff must show the Commissioner might have reached a different disability determination if he had made the transferability findings required by SSR 82-41. *See Tanksley*, 2013 WL 5350912, at *8.

Whether Plaintiff has skills transferable to other occupations is outcome determinative of his application for disability benefits. *See Muehling v. Colvin*, No. 2:12–CV–13, 2013 WL 1194078, at *5 (N.D. Tex. Mar. 6, 2013); *Tanksley*, 2013 WL 5350912, at *8. The Dictionary of Occupational Titles[2] lists a wide variety of duties associated with telephone solicitor, payroll clerk, order clerk, and cashier—the jobs identified by the VE. Based on the testimony of the VE, it is unclear which skill(s) plaintiff acquired from previous employment that would transfer to these new jobs. Had the VE specifically enumerated Plaintiff's skills—as required by SSR 84-21—the Commissioner would have been better suited to assess transferability and may therefore have ultimately reached a different disability determination. Accordingly, the Commissioner's error affected Plaintiff's substantial rights, and remand is warranted. *See Tanksley*, 2013 WL 5350912, at *9 (finding substantial rights affected and ordering remand under similar circumstances).

---

[2] The Dictionary of Occupational Titles ("DOT") is published by the Department of Labor and contains a comprehensive list of job titles in the United States, along with corresponding job requirements. *Gaspard v. Soc. Sec. Admin., Comm'r*, 609 F. Supp. 2d 607, 613 (E.D. Tex. 2009). The Commissioner recognizes the DOT as authoritative. *Id.*

**CONCLUSION**

For the reasons previously stated, the Magistrate Judge's Report and Recommendations is rejected, and the above-captioned matter is remanded to the Commissioner for further proceedings consistent with this opinion.

New Orleans, Louisiana, this 3rd day of June, 2014.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**