UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KEVIN A. MILLS | CIVIL ACTION |
| VERSUS | NO. 13-701 |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | SECTION "H" (2) |

### FINDINGS AND RECOMMENDATION

Plaintiff, Kevin A. Mills, successfully pursued a complaint in this court against the Social Security Administration (the "Commissioner") for review of the agency's denial of his application for disability benefits.  Because the presiding district judge found that legal error had occurred at the administrative level, she remanded this matter to the Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).[1]  Record Doc. No. 15.  Mills filed a Motion for Attorney's Fees and Costs, which has been referred to me.  Record Doc. Nos. 16, 19.

Mills seeks attorney's fees for work done in this court in the amount of $4,313.86, plus $350 in costs, under the Equal Access to Justice Act ("EAJA").  The EAJA allows attorney's fees and costs to be awarded to a plaintiff who prevails in a civil action against the United States, as follows:

---

[1] "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Id.

> Except as otherwise specifically provided by statute, a court <u>shall award to a prevailing party</u> other than the United States <u>fees and other expenses</u>, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (emphasis added).  Subsection (a) allows a prevailing party to recover the costs enumerated in 28 U.S.C. § 1920, which include the fees of the Clerk of Court.  <u>Id.</u> § 2412(a)(1).

The Commissioner filed a response to plaintiff's motion, in which it "does not dispute the requested hours or the issues of prevailing party status, timeliness, proper application for fees, or substantial justification.  However, the Commissioner does dispute the requested hourly rate" for the work of plaintiff's attorney, Matthew H. Greenbaum.  Defendant argues that the requested rate of $186.25 per hour for attorneys is excessive and that a rate of $160 "is appropriate for Social Security cases arising in this region based on recent Court orders."  Record Doc. No. 18 at pp. 1-3.  The Commissioner does not contest the requested hourly rate of $75 for the work of paralegals and law clerks, or the $350 court filing fee.

Plaintiff does not specifically request that the award of attorney's fees and costs be paid directly to his counsel, although his memorandum repeatedly refers to "undersigned counsel" as seeking the award.  Defendant raises the issue of who should

receive the payment by "request[ing] that the Court Order the Commissioner to make payment to Plaintiff, in accordance with the Supreme Court's ruling in Astrue v. Ratliff, [560 U.S. 586,] 130 S. Ct. 2521 (2010), although such payment may properly be made to Plaintiff 'in care of (c/o)' Plaintiff's attorney." Id. at p. 4.

Mills received leave to file a reply memorandum, Record Doc. Nos. 21, 23, 24, in which he did not respond to the Commissioner's request regarding payment. By failing to address the issue in his memoranda, Mills has waived any argument that payment should be made directly to his counsel. Jones v. Wells Fargo Bank, N.A., 666 F.3d 955, 960-61 (5th Cir. 2012).

The court also notes that plaintiff's contingency fee agreement with Greenbaum (Tr. 79-80) does not include an assignment to counsel of any attorney's fee award. Thus, this case is unlike some district court cases decided after Ratliff, which have held that a Social Security plaintiff can assign his EAJA award to his attorney when the assignment is in the record and the Commissioner has produced no evidence that plaintiff owes money to the federal government. See Boykins v. Colvin, No. 12-cv-000960-RBJ, 2014 WL 3585304, at *3-4 (D. Colo. July 21, 2014) (citing Turner v. Comm'r of Soc. Sec., 680 F.3d 721, 723 (6th Cir. 2012); Beshears v. Astrue, 6:09-CV-06064, 2010 WL 3522469, at *2 (W.D. Ark. Sept. 2, 2010); Patterson v. Comm'r of Soc. Sec. Admin., 5:09-CV-1566, 2010 WL 3211139, at *2 (N.D. Ohio Aug. 11, 2010); Castaneda v. Astrue, EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010)) ("[T]he

3

Court found quite a split regarding this question.  Many courts have in fact found that payments are to be made directly to the assignee where an assignment has been executed, including [Turner,] a published case from the Sixth Circuit."); see also id. at *4 (citing Murkeldove v. Astrue, 635 F.3d 784, 794 (5th Cir. 2011)) ("A litigant can in fact assign the right to her award to her attorney."); but see Montgomery v. Colvin, No. 12-CV-0003-JMH, 2014 WL 1386448, at *1 (E.D. Ky. Apr. 9, 2014) (citing Ratliff, 560 U.S. at 593; Bryant v. Comm'r of Soc. Sec., 578 F.3d 443, 448 (6th Cir. 2009)) (holding that statements in Turner are dicta as to this issue and declining to award attorney's fees to plaintiff's counsel, as plaintiff had requested).

Thus, the only issue to resolve with respect to Mills's motion is the appropriate hourly rate for the work of his attorney.  The EAJA provides that

> [t]he amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A)(ii) (emphasis added).  This provision of the EAJA was amended in March 1996 to increase the statutory ceiling from the previous $75 to the current $125 per hour.  Equal Access to Justice Act Amendments, Pub. L. No. 104-121, § 231(b)(1), 110 Stat 847 (1996).

Plaintiff's requested hourly rate of $186.25 is based on his calculation of the increased cost of living since the statute was amended in 1996. The Commissioner does not dispute that the hourly rate should be adjusted upwards from the statutory rate, but argues that the requested rate is excessive and that $160 per hour is appropriate based on recent awards of attorney's fees in Social Security cases in this court.

Citing Brown v. Sullivan, 917 F.2d 189, 191 (5th Cir. 1990), defendant argues that the court should use the lodestar method, which is used in connection with numerous statutes that shift the prevailing party's attorney's fees to the losing party, to determine the reasonable amount of fees to be awarded in this case. Mills responds that Brown does not apply because (1) that case addressed fees awarded under section 406(b) of the Social Security Act, 42 U.S.C. § 406(b), which is a fee award statute with a different structure than the EAJA and which is not applicable in the instant case; and (2) Brown's preferential use of the lodestar method for attorney's fee awards under section 406(b) was overruled by Gisbrecht v. Barnhart, 535 U.S. 789 (2002), which "abandons the lodestar method." Plaintiff's memorandum, Record Doc. No. 16-1 at p. 4 n.4.

Mills is correct as to the first reason. Even if Brown were still good law, it does not apply to EAJA awards.

As to plaintiff's second argument, the Fifth Circuit acknowledged in Jeter v. Astrue, 622 F.3d 371, 377-78 (5th Cir. 2010), that the Supreme Court in Gisbrecht had abrogated Brown. However, the Fifth Circuit also held that a post-Gisbrecht district

5

court may still use a lodestar analysis in some circumstances in section 406(b) cases. See id. (Gisbrecht's "prohibition against lone reliance on the lodestar method still permits a court to include a lodestar calculation in its consideration of the fee" in a section 406(b) case when "the court simultaneously relies on additional factors to support its determination that the contingency fee constitutes an unearned advantage to the attorney–such that the fee award may be considered a windfall."). Therefore, because Gisbrecht and Jeter deal with section 406(b) fee awards, this court need not consider the lodestar method in deciding the instant motion under the EAJA.

Section 406(b) of the Social Security Act governs "the fees that may be awarded attorneys who successfully represent Social Security benefits claimants in court. Under 42 U.S.C. § 406(b) . . . , a prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." Gisbrecht, 535 U.S. at 792 (emphasis added) (footnote omitted). Thus, a Social Security claimant can invoke section 406(b) only when he has obtained a favorable judgment and an award of past-due benefits. His attorney's fees are then payable "out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b)(1)(A). Under this statute, "[f]ees shifted to the losing party . . . are not at issue here. Unlike . . . [the] EAJA, 42 U.S.C. § 406(b) . . . does not authorize the prevailing party to recover fees from the losing party. Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery." Gisbrecht, 535 U.S. at 802.

The EAJA, in contrast, allows the prevailing plaintiff to recover his attorney's fees from the United States, <u>the losing party</u>, when his case is remanded to the Commissioner, if the government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Fees are awardable regardless whether the claimant ultimately obtains an award of past-due benefits. If and when the claimant becomes entitled to collect attorney's fees under both statutes by having obtained past-due benefits after remand, the EAJA "effectively increases the portion of past-due benefits the successful Social Security claimant may pocket." <u>Gisbrecht</u>, 535 U.S. at 796.

> Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee. Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of the total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits.

<u>Id.</u> (quotations and citations omitted) (ellipsis and brackets in original).

The controlling Fifth Circuit authority regarding the hourly rate for fees awarded to a prevailing Social Security plaintiff under the EAJA is <u>Baker v. Bowen</u>, 839 F.2d 1075 (5th Cir. 1988). Section 2412(d)(2)(A)(ii) specifically mentions cost of living as a factor that may justify an increase in the hourly rate to effectuate the purposes of the statute. <u>Id.</u> at 1083. The Fifth Circuit therefore held, "consistent with the great weight

of authority, that Congress did intend to provide an allowance for a cost-of-living increase." Id. at 1084.

> We note, however, that while the statute clearly allows an adjustment for changes in the cost of living, it does not absolutely require it. Clearly, by mentioning it in the statute, Congress intended that the cost of living be seriously considered by the fee-awarding court. Except in unusual circumstances, therefore, **if there is a significant difference in the cost of living since 1981 in a particular locale that would justify an increase in the fee, then an increase should be granted**.

Id. (bold emphasis added).

The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors. These factors are market based, not individualized." Yoes v. Barnhart, 467 F.3d 426, 426 (5th Cir. 2006) (citing 28 U.S.C. § 2412(d)(2)(A)(ii)). "This increase should generally be automatic, except in 'unusual circumstances.' The rate need not precisely track the cost of living increase for the geographical area, but instead should be calculated 'only to the extent necessary to ensure an adequate source of representation.'" Ramos v. Astrue, No. 11-1457, 2012 WL 3637868, at *2 (E.D. La. Aug. 23, 2012) (quoting Baker, 839 F.2d at 1084).

Because the EAJA was amended in March 1996 to increase the statutory ceiling from $75 to $125 per hour, the appropriate time period for which to calculate any cost-of-living increase in the instant case is from March 1996 through 2013, the year in which plaintiff's attorney expended most of the hours working on this case. Perales v. Casillas,

950 F.2d 1066, 1076 (5th Cir. 1992); Cavin v. Astrue, No. 12-1144, 2014 WL 28864, at *2 (E.D. La. Jan. 2, 2014); Ramos, 2012 WL 3637868, at *2.

Although Mills has provided no evidence of the increase in the cost of living in the New Orleans area since March 1996, he refers the court to the Consumer Price Index, U.S. City Averages, for the years 1990 to 2014, which is published by the United States Department of Labor and available on its website. United States Department of Labor, Bureau of Labor Statistics, http://www.bls.gov/ro5/cpiushistorical.pdf. Defendant has not disputed the accuracy of the information in the Bureau of Labor Statistics report. The court takes judicial notice of that information. Fed. R. Evid. 201.

According to the Bureau of Labor Statistics report, the average Consumer Price Index for All Urban Consumers ("CPI-U") was 155.7 in the month of March 1996. The average CPI-U for 2013 was 232.957, an increase of approximately 49 percent since March 1996. http://www.bls.gov/ro5/cpiushistorical.pdf, at p. 1. As other judges of this court have done for years before 2013, I find that this is a significant increase in the cost of living which justifies an increase in the hourly rate for plaintiff's attorney's fees. See, e.g., Cavin, 2014 WL 28864, at *2 (awarding hourly rate of $175 for work performed through November 2012); Ramos, 2012 WL 3637868, at *2 ($160 per hour for work through May 2011); Thibodeaux v. Astrue, 914 F. Supp. 2d 789, 793 (E.D. La. 2012) ($160 through October 2011); Williams v. Astrue, 2011 WL 5417116, at *2-3 (E.D. La.

9

Oct. 14, 2011) ($160 through May 2011); Brown v. Astrue, No. 07-6933, 2008 WL 4186877, at *1 (E.D. La. Sept. 9, 2008) ($150 through January 2008).

A 49 percent increase in the EAJA's statutory rate of $125 yields an adjusted hourly rate of $186.25 (125 x .49 = 61.25; 125 + 61.25 = 186.25).  I find that rounding this rate to an hourly rate of $185 for work performed on this Social Security appeal in 2013 and now into late 2014 is reasonable in the New Orleans legal market and accords with both congressional intent and Fifth Circuit case law regarding cost-of-living adjustments to the EAJA hourly rate.

The Commissioner does not contest the number of hours expended by Greenbaum or his law clerks and paralegals, and does not contest the requested hourly rate of $75 for his paralegals' and law clerks' time.  The court finds that $75 per hour is well below the statutory ceiling and is reasonable for the time of those paraprofessionals.

Applying the hourly rate of $185 to the 10.01 hours of attorney time expended by Greenbaum's firm yields a fee of $1,851.85.  Applying the hourly rate of $75 to the 32.66 hours expended by law clerks and paralegals yields a fee of $2,449.50.  Accordingly, plaintiff should receive an award of attorney's fees totaling $4,301.35 ($1,851.85 + $2,449.50), plus uncontested and awardable costs of $350.

## **RECOMMENDATION**

For all of the foregoing reasons, it is **RECOMMENDED** that plaintiff's motion for attorney's fees and costs be GRANTED IN PART AND DENIED IN PART, and that

plaintiff be awarded $4,301.35 in reasonable attorney's fees under 28 U.S.C. § 2412(d), plus costs of $350, all payable to Mills in care of his attorney.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[2]

New Orleans, Louisiana, this __16th__ day of October, 2014.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.